IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COOKEVILLE

| | | |
|---|---|---|
| SHAWN DAVID BANZHOFF and HONEY BANZHOFF, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | NO. 2:15-cv-0002 JURY DEMAND CHIEF JUDGE SHARP |
| DANI TRUCKING, LLC, SAMI ABEBE and ASCHALEW H. TESSEMA, | ) ) ) ) | |
| Defendants. | ) | |

## ~~PROPOSED~~ SECOND AMENDED INITIAL CASE MANAGEMENT ORDER

A.    JURISDICTION:  The court has jurisdiction pursuant to 28 *U.S.C.* § 1332.

B.    BRIEF THEORIES OF THE PARTIES:

1)    PLAINTIFF:  The defendant Aschalew Tessema had been parked on the shoulder of I-40 westbound in Putnam County, Tennessee, near Monterey, just prior to the accident that is the subject of this dispute.  Apparently, there was a problem with the radiator in the tractor trailer Mr. Tessema was operating, which was owned by Dani Trucking, LLC.  The plaintiff was traveling in the right lane on I-40 when the defendant pulled into the right lane from the shoulder without yielding to the plaintiff.  The plaintiff's vehicle struck the defendant's trailer in the rear causing a fracture of the plaintiff's acetabulum (the "socket" of the hip joint). The Tennessee Highway Patrol cited the defendant for failing to yield and for falsifying his log book.

The plaintiff's theory is that the defendant was negligent and that his negligence caused damage to the plaintiff.  It is the plaintiff's theory that the defendant Tessema was acting as the agent of Dani Trucking, LLC.  It is the plaintiff's theory that the defendant Sami Abebe

was responsible for supervising and training the defendant Tessema and that he was negligent in that regard.

2)    DEFENDANTS ASCHALEW H. TESSMA, DANI TRUCKING, LLC AND SAMI ABEBE'S THEORY: Mr. Tessema was the owner of the 2004 Freightliner tractor that he was driving, in a generally westbound direction on Interstate 40, when the trailer he was pulling was struck from the rear by the vehicle operated by the plaintiff, Shawn David Banzhoff. These defendants deny any and all liability to the plaintiffs and assert that the sole proximate cause of any injuries or damages sustained by the plaintiffs resulted from the negligence and negligence per se of Mr. Banzhoff. Mr. Banzhoff was negligent in that he failed to operate the vehicle he was driving a reasonably prudent manner, failed to exercise care and caution for the safety of others, failed to keep a proper lookout for other vehicles on the roadway, failed to maintain control of his vehicle, failed to exercise reasonable care and struck the rear of the tractor trailer operated by Mr. Tessema, which was lawfully traveling west on Interstate 40 at the time and place referenced in the complaint. In the event that Mr. Banzhoff's comparative fault does not constitute a complete to recovery from these defendants, the doctrine of comparative fault is applicable, and should reduce the plaintiffs' recovery accordingly. It is admitted that Mr. Tessema was operating the 2004 Freightliner on the business of Dani Trucking, LLC, but it is denied that Dani Trucking, LLC was Mr. Tessema's employer or the owner of said vehicle. Defendant, Sami Abebe, asserts that there is no legal basis for asserting individual liability against him, for the alleged negligence of Mr. Tessema or Dani Trucking, LLC.

C.    ISSUES RESOLVED: Jurisdiction and venue.

D.    ISSUES STILL IN DISPUTE: Liability and damages.

E.     INITIAL DISCLOSURES:  The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1)(B) on or before April 13, 2015.

F.     DISCOVERY:   The parties shall complete all written discovery and depose all fact witnesses on or before July 31, 2015.  Discovery is not stayed during dispositive motions, unless ordered by the court.  No motions concerning discovery are to be filed until after the parties have conferred in good faith.  Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve any dispute(s).

G.     MOTIONS TO AMEND:  The parties shall file all Motions to Amend on or before July 31, 2015.

H.     DISCLOSURE OF EXPERTS:  The plaintiff shall identify and disclose all expert witnesses and expert reports on or before August 24, 2015.  The defendant shall identify and disclose all expert witnesses and reports on or before September 24, 2015.  Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before September 30, 2015. Treating physicians shall not be considered Rule 26 experts for which a Rule 26 expert report is required. However, plaintiffs shall disclose the identity of any treating physician whose testimony will be offered at trial on or before August 24, 2015 and plaintiff's medical proof depositions shall be completed on or before December 16, 2015.

I.     DEPOSITIONS OF EXPERT WITNESSES:  The parties shall depose all expert witnesses on or before November 17, 2015.

J.     JOINT MEDIATION REPORTS:  The parties shall file a joint mediation report on or before November 30, 2015.

K.     DISPOSITIVE MOTIONS:  The parties shall file all dispositive motions on or before October 30, 2015.  Responses to dispositive motions shall be filed within twenty-

one (21) days after the filing of the motion. Briefs shall not exceed twenty (20) pages. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed five (5) pages.

L.    ELECTRONIC DISCOVERY:  The parties have reached agreements on how to conduct electronic discovery.  Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M.    TRIAL DATE AND ESTIMATED TRIAL TIME:  Jury trial is set to begin on March 15, 2016, at 9:00 a.m. A pretrial conference shall be held on February 22, 2016, at 2:30 p.m. before Judge Sharp. Trial is expected to take 3 days.  It is so ORDERED.

s/John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

APPROVED FOR ENTRY:

LAW OFFICE OF JON E. JONES


By:    /s Patrick Shea Callahan
       Patrick Shea Callahan, BPR #29086
       Attorney for the Plaintiffs
       P.O. Box 699
       Cookeville, TN  38503-0699
       Telephone (931) 372-8771
       Facsimile (931) 372-8992
       e-mail: sheacallahan@gmail.com

CORNELIUS & COLLINS, LLP


By:     /s/ Daniel P. Berexa
        Daniel P. Berexa, BPR #15158
        Peter C. Robison, BPR #27498
        Attorneys for Defendants Dani Trucking, LLC
        and Aschalew H. Tessema
        Nashville City Center, Suite 1500
        P.O. Box 1905695
        Nashville, TN 37219
        Telephone (615) 244-1440
        Facsimile (615) 254-9477
        e-mail: dpberexa@cornelius-collins.com
        e-mail: pcrobison@cornelius-collins.com